IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHARLES F. LEWIS,**

        **Plaintiff,**

    v.                  CASE NO. 13-3050-SAC

**CLAUDE MAYE, et al.,**

        **Defendants.**

### MEMORANDUM AND ORDER

This pro se civil complaint was filed pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680 (FTCA) by an inmate of the United States Penitentiary, Leavenworth, Kansas (USPL). Mr. Lewis claims that since his placement at the USPL in September 2008 he has been denied proper medical treatment in connection with serious conditions including "problematic stoma colostomy issues." He asserts cruel and unusual punishment in violation of the Eighth Amendment, careless and negligent disregard, and excessive delays. The court requires plaintiff to pay an initial partial filing fee. Plaintiff is also required to show cause why the United States should not be substituted as defendant in the FTCA claim and why plaintiff's claim for injunctive relief should not be considered as against the individual defendants in their official capacities only.

**ASSESSMENT OF INITIAL PARTIAL FILING FEE**

The statutory fee for filing a civil rights complaint is $350.00. Plaintiff has submitted an Application to Proceed without Prepayment of Fees (Doc. 2). He is reminded that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve him of the obligation to pay the full amount of the filing fee. Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as funds become available pursuant to 28 U.S.C. § 1915(b)(2).[1]

Furthermore, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of the civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit during the relevant time period was $63.95, and the average monthly balance was $26.94. The court therefore assesses an initial partial filing fee of $12.50, twenty percent of the average monthly deposit rounded to the lower half dollar. Plaintiff must pay this initial partial filing fee before this

---

[1] Under § 1915(b)(2), the Finance Office of the facility where plaintiff is currently confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's institution account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

action may proceed further, and will be given time to submit the fee to the court. His failure to submit the initial fee in the time allotted may result in dismissal of this action without further notice.

**ALLEGATIONS AND CLAIMS**

As the factual background for this lawsuit, Mr. Lewis alleges the following. He has been under the care of the Prison Health Services at the USPL since September 2008. He has "problematic stoma colostomy issues" including the deteriorating condition that "the stoma opening in (his) stomach continually tries to grow closed with scar tissue," resulting in daily tearing, pain, and bleeding. He informed defendants upon his arrival of prior recommendations that he see a stoma specialist and has been waiting 3½ years to see one. Defendants are making medical decisions in his case based on saving money rather than his serious needs. Dr. McCollum has instructed him to physically stretch his stoma daily with his fingers without proper supplies, and the stretching has resulted in a never-healing, toughening wound. An outside doctor made the additional recommendation that he soak the stoma scar tissue area daily in a salt water solution. Plaintiff has tried through administrative remedies to see a stoma specialist for surgery or other solution to the unbearable pain and difficult

3

self-treatment. A reduction in pharmacy resulted in his being provided inadequate medical supplies for his condition. Inmates were notified by pharmacy in July 2010 that effective immediately supplies would be distributed once a month, that colostomy bags would be limited to 10 per month that could be rinsed out and saved, and that wafers would be limited to 5 per month with the recommendation that they be changed no more often than 5 to 7 days. Flex patches have been limited to 10 per month, though his wash off during his daily soakings. He has been instructed to wash out pouches for re-use, which leads to infection and requires more privacy than provided. He has tried through the administrative remedy process to obtain assistance with his daily care requirements as well as adequate colostomy supplies, cleanliness, and privacy during his daily care routine. He needs more than the normal allotment of supplies, but receives less than half the supplies that Medicare/Medicaid provides. He has sought assistance from many prison officials,[2] and some have expressed surprise and sympathy at his plight, but all eventually have deferred to Ms. Osborne and her insistence that plaintiff is receiving adequate supplies. Plaintiff alleges that Ms. Osborne refused to discuss his personal needs when approached by others on at least 2 occasions. He believes

---

[2] Plaintiff alleges that he has personally discussed his medical condition and need for additional supplies, assistance, and care in detail with defendants on multiple occasions. He also describes acts or inactions on the part of each individual defendant.

4

that she is not fully aware of his circumstances, and that she has acted with rudeness and indifference toward him. In an attempt at resolution he asked to go back to his prior insurance carrier or that his friends and family be allowed to buy additional supplies, but he received no response. When he complained, he was told to report to sick call or wait until his scheduled chronic care visit. Group meetings regarding his problems have not resulted in solutions. Plaintiff alleges that he has exhausted all administrative remedies, including a "tort claim" that has not been answered.

**SCREENING**

Because Mr. Lewis is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim upon which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

**STANDARDS**

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the

complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level," and there must be "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570.

**<u>DEFENDANTS</u>**

"The United States is the only proper defendant in an FTCA action." *Smith v. U.S.*, 561 F.3d 1090, 1099 (10th Cir. 2009)(*citing Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n. 4 (10th Cir. 2001)). 28 U.S.C. § 2679(d)(1) provides that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any

6

civil action . . . commenced upon such claim . . . shall be deemed an action against the United States under . . . this title . . . and the United States shall be substituted as the party defendant." The FTCA further provides that the United States may be liable for an employee's negligence "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Plaintiff does not name the United States as defendant. Instead, he names USPL employees Claude Maye, Warden; Jon Loftness, Assistant Warden; and Dr. McCollum, Clinic Director. He also names J. Blevins, USPHS and A. Osborn, USPHS, persons who are apparently employees of, or medical providers working at, the USPL. Mr. Lewis does not indicate whether he sues these individual defendants in their official or individual capacities or both. However, he alleges that defendants were employed by the Government at the time his claims arose. A plaintiff may not sue federal employees or agents in their official capacities, because such a suit is, in effect, one against the United States. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)(A suit against government employees in their official capacities is suit against government entity.); *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002); *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001)("There is no such animal as a

7

Bivens suit against a public official tortfeasor in his or her official capacity.").

**CLAIM FOR INJUNCTIVE RELIEF**

Plaintiff does not limit his request for relief to damages, but also seeks injunctive relief in the form of consultation with a specialist and adequate medical supplies. However, injunctive relief is not available under the FTCA. Plaintiff points to no additional jurisdictional basis and cause of action for suing defendants for injunctive relief. He asserts that the defendants violated the Eighth Amendment, which might state a cause of action under *Bivens*.[3] However, it has been reasoned that *Bivens* does not allow a plaintiff to seek equitable relief, but only money damages. *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Service*, ___F.Supp.2d___, 2013 WL 466388 (D.N.M. Jan. 24, 2013)(citing *Bivens*, 403 U.S. at 410 (Harlan, J., concurring)("For people in Bivens' shoes, it is damages or nothing.")). Moreover, the Tenth Circuit has held that "a *Bivens* claim can be brought only against federal officials in their individual capacities," and "cannot be asserted directly

---

[3] In *Bivens v. Six Unknown Named agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971), the Supreme Court recognized that citizens may obtain money damages for injuries suffered as a result of federal agents' violation of the Fourth Amendment. The Supreme Court has also held that a cause of action under *Bivens*, may be available against federal prison officials for violation of the Eighth Amendment. *See Carlson v. Green*, 446 U.S. 14, 18 (1980).

8

against . . . federal officials in their official capacities."[4] *Smith v. U.S.*, 561 F.3d at 1099 (citing *Farmer*, 275 F.3d at 963); *Chapoose v. Hodel*, 831 F.2d 931, 935 (10th Cir. 1987)( An implied right of action under Bivens seeks to impose personal liability and damages on a federal official for violation of a constitutional right and thus only applies against individual defendants in their individual capacities). For these reasons, plaintiff's claim for injunctive relief is not considered as brought under either the FTCA or *Bivens.* The court concludes that plaintiff's claim for injunctive relief proceeds against the named individual defendants in their official capacities.[5]

**SUMMARY**

Plaintiff is hereby notified that the court liberally construes this pro se complaint by substituting the United States as the only defendant in plaintiff's FTCA claim and that the court dismisses plaintiff's FTCA claim as against all individual defendants named by plaintiff because they are not proper parties.[6] *Id.* Plaintiff's claims against the individual

---

[4] Plaintiff does not allege that he seeks to impose personal liability for damages upon each named individual defendant so as to proceed against each in his or her individual, rather than official, capacity. If he intends to do so, he must amend his complaint in accord with Rule 15 of the Federal Rules of Civil Procedure to include such claims and a jurisdictional basis.

[5] Plaintiff does not specify from which of the several defendants he seeks injunctive relief, so it is assumed from all.

[6] The United States Supreme Court recently held:

defendants will proceed as a claim for injunctive relief in their official capacities only.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 12.50. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fee as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that plaintiff is given thirty (30) days in which to show cause why the United States should not be substituted as the sole defendant in plaintiff's FTCA claim, and why his claims against the individual defendants should not proceed as claims for injunctive relief only and as against the individual defendants in their official capacities.

**IT IS SO ORDERED.**

Dated this 3rd day of May, 2013, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge

---

"Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct. By its terms, § 233(a) limits recovery for such conduct to suits against the United States.

*Hui v. Castaneda*, 559 U.S. 799, 130 S.Ct. 1845, 1851 (2010).